IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02154-STV

L.C., a minor, through her mother, CATALINA CORDOVA,

    Plaintiff,

v.

STARBUCKS CORPORATION,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court upon Plaintiff's failure to update her address of record and failure to response to the Court's Order to Show Cause. [#34]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#22, 23] For the following reasons, the Court **DISMISSES** this lawsuit for failure to prosecute and failure to comply with D.C.COLO.LCivR 5.1(c).

    Plaintiff, while still represented by counsel, filed the operative complaint in this matter on September 10, 2021. [#18] The Amended Complaint asserts a claim for negligence against Defendant on behalf of Plaintiff's minor child, A.C. [*Id.*] On December 17, 2021, Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff (the "Motion") due to an alleged "irreconcilable breakdown in communication between Plaintiff's Counsel and Catalina Cordova." [#28 at 2] The Motion notified Plaintiff that,

following withdrawal, Plaintiff would have "the burden of keeping the court informed where notices, pleadings, or other papers may be served" and that if Plaintiff failed to comply with her obligations in the litigation she "may suffer possible default." [*Id.* at 1-2] Plaintiff's counsel served the motion on Plaintiff, which included as an attachment, a copy of the Scheduling Order in this case. [*Id.* at 3; #31 at 1]  In response, the Court issued an order setting the Motion for hearing on January 6, 2022 and instructing Plaintiff to attend the hearing. [#29]

On January 6, 2022, the Court convened the hearing on the Motion by telephone. [#31]  Plaintiff failed to appear for the hearing. [*Id.*]  Plaintiff's counsel represented to the Court at the hearing that he had provided copies of the Court's orders setting the hearing and the Motion to Plaintiff by mail and email and also had attempted to call Plaintiff regarding the Motion and hearing. [*Id.*]  At the hearing, the Court granted the Motion and, in the Minute Entry for the hearing, the Court advised Plaintiff that she was now "responsible for litigating this case" and that any future failures to appear may result in dismissal for failure to prosecute. [*Id.* at 1-2]  The Court mailed a copy of the Minute Entry to Plaintiff at the address provided for Plaintiff by her former counsel. [#31 at 2; *see also* #18 at 3, #28 at 3]

On January 25, 2022, the Minute Entry sent by the Court to Plaintiff was returned as undeliverable. [#33]  Someone had written on the envelope "Return to Sender," "No Longer Lives [here]," and "Moved to Puerto Rico." [*Id.*]  No forwarding address was provided. [*Id.*]  It appears that the envelope was returned to the postal service to return to the Court on January 18, 2022. [*Id.*]

Given Plaintiff's failure to attend the motion hearing and failure to update her address in violation of D.C.COLO.LCivR 5.1(c), which requires that "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change," the Court issued an Order to Show Cause on January 28, 2022.  [#34]  Pursuant to the Order, the Court directed Plaintiff to "show cause, if any there be, in writing on or before **February 28, 2022**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with D.C.COLO.LCivR 5.1(c)."  [*Id.* at 3]  The Court specifically advised:  "Failure to comply with this Order and timely show cause on or before February 28, 2022 may result in the dismissal of this action without any further notice to or opportunity to be heard by Plaintiff."  [*Id*. (emphasis omitted)]  The deadline for Plaintiff to respond to the Order to Show Cause expired on February 28, 2022 without Plaintiff taking any action.

Pursuant to D.C.COLO.LCivR 41.1,

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Similarly, Federal Rule of Civil Procedure 41(b) "permit[s] courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders."  *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 616, 630-31 (1962)).  In considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992):

3

(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.  See *Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015).  Weighing these factors, the Court recommends that this case be dismissed.

First, Defendant suffers actual prejudice as a result of Plaintiff's failures to comply with the Court's rules and the resulting uncertainty in the resolution of the claims against them.  Second, the amount of interference with the judicial process is significant as the Court conducted a hearing at which Plaintiff failed to appear, scheduled and then had to vacate a status conference, and issued an Order to Show Cause which remains unanswered and the Court is seemingly unable to communicate with Plaintiff regarding developments in the case.  Third, Plaintiff is solely responsible for her failures to attend Court hearings, update her address with the Court, and respond to the Order to Show Cause.  Fourth, the Court has warned Plaintiff that her failure to comply may result in dismissal.  [#34]  Finally, there does not appear to be any lesser sanction that would be effective as the Court has been unable to elicit any response from Plaintiff and the Court has no other means of contacting Plaintiff and assuring Plaintiff's compliance with Court orders.

Because Plaintiff has failed to comply with this Court's orders, including to update her address, the case is **DISMISSED** pursuant to Rule 41(b) and D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with D.C.COLO.LCivR 5.1(c).

DATED: March 4, 2022                              BY THE COURT:

                                                  s/Scott T. Varholak
                                                  United States Magistrate Judge